No. 402

LAHR v. MILLER et

Ohio Appeals, 9th Dist., Summit Co.

No. 1047. Decided Dec. 21, 1925

997. REAL ESTATE—1. Deed from husband to wife, executed in 1872, void at law but enforcible in equity.

2. Grant by husband to wife and heirs of her body, gave wife an equitable estate in tail.

3. At death of wife, estate goes to her issue surviving her.

4. Issue who died before donee in tail had no such interest as could be devised.

PARDEE, P. J.

Geo. L. Lahr, in 1872, conveyed to his wife, Barbara, by warranty deed, approximately thirty acres of land in Norton Township. The granting clause of this deed gave the property to the wife and the heirs of her body. At the time of said grant, she had two children, Grant Lahr and Emma R. Miller.

Geo. Lahr died intestate in 1874. Grant Lahr died testate in 1920, leaving all his property to his widow, Maude L. Lahr, and Barbara Lahr died in 1923, leaving Emma R. Miller as her sole issue.

This action in partition was brought by Maude L. Lahr, widow of Grant Lahr, she alleging that she had an undivided one half interest in said property. Summit Common Pleas rendered judgment for Emma R. Miller; Court of Appeals on appeal held:

1. At common law "a deed for the conveyance of land executed by a husband to his wife, without intervention of a trustee, and intended as a suitable provision for her, though void at law, may be enforced in equity." (34 OS. 610.)

2. Under the rule in Shelly's case Barbara Lahr acquired an equitable estate in tail.

3. At the death of her husband she became capable of holding the legal as well as equitable title, and she had a right at any time to maintain suit to quiet title.

4. Not having done so, and she being merely the donee in tail, according to the rule in Shelly's case, the estate descended upon her

## STATE COURT OF APPEALS—Continued

death to the only heir of her body living at her death, to wit: Emma R. Miller.

5. Grant Lahr, having died before the donee in tail, did not possess any interest in said real estate which he could dispose of by will, and his widow acquired no interest in same. (81 OS. 371.)

Judgment of Common Pleas affirmed.

Attorneys—Wilcox, Berk, Berk & Harvey, for Lahr; Rockwell & Grant for Miller; all of Akron.